DANIEL H. BOGY *v.* KIRKSVILLE TURNPIKE ROAD COMPANY.

**Corporations—Subscription to Stock in Turnpike Company.**
    A subscription to the capital stock in a turnpike company, in writing, is a binding obligation and enforcible according to the terms of same.

**Same—Promise to Pay Amount Subscribed—Demand.**
    A promise to pay a subscription to stock in a corporation, at such times as called upon thereafter, is in effect a promise to pay on demand, and no precedent act is necessary on the part of the payee holding such an undertaking, to entitle him to his action.

APPEAL FROM MADISON CIRCUIT COURT.

January 16, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The subscription of stock by appellant to the turnpike road was in writing, without any condition annexed thereto, and no fraud is alleged in the procurement thereof, and he was consequently bound to pay the same according to the terms of his subscription. *Lackey vs. Richmond and Lancaster Turnpike Road Company,* 17 B. Mon. 43.

It is alleged in the petition that appellant promised to pay the amount subscribed by him to the capital stock of said company at such times as he might thereafter be called on to pay the same. That is in effect a promise to pay on demand, and no precedent act is necessary on the part of the payee holding such an undertaking to entitle him to his action. The promise of appellant is to pay a certain amount of money, and according to the well settled

12

doctrine of the law, the commencement of an action is a sufficient demand. *Cotton vs. Reaville et al, 2 Bibb, 101; Leathers' Reprs. vs. McGlasson, 3 Mon., 224.*

The cases of *Worley vs. Mourning, 1 Bibb, 254,* and *Stafford, etc., vs. Trimble, Ib., 323,* referred to by appellant's counsel as sustaining a different doctrine, have long since been over-ruled. See *Griggs vs. Bondurant, 3 Mon., 178,* and cases there cited.

It appears from the evidence that in locating the turnpike road, the company departed somewhat from the old road and constructed it on a part of appellant's land, for which he now asserts a claim for damages, even if his failure to obtain an inquest of damages, when the turnpike road was being located, did not amount to a waiver of any claim thereto, and by postponing the assertion of such a claim, secure the making of the road to suit him when the company might not have built it on that ground if he had previously claimed damages. Still, by the judgment of the court below, he was allowed a credit on his subscription of $50, which fully compensated him for all the land occupied by the road, according to the evidence. And the advantage derived from the road more than compensated him for any collateral damages, such as the injury to his ice-house, removal of fencing, etc., he may have sustained.

Interest was allowed on the sum adjudged against appellant only from the commencement of the action. In the whole case no error is perceived prejudicial to appellant, and the judgment must be *affirmed.*

*Turner, for appellant.*

*Burnam, for appellee.*